## Matthew Murphey

**From:** Matthew Murphey
**Sent:** Tuesday, March 07, 2006 7:06 PM
**To:** 'Bill Allen'
**Cc:** Kevin Lemley; Kelly, Alice A.; john.verhey@dlapiper.com; Zucker, Gregg D.; Amy Darby; Eric Jaegers; 'David Sterling'
**Subject:** RE: Depositions

Bill -

As we discussed by telephone, the Morgate discovery disputes are separate and apart from your client's obligation to produce witnesses in the case proceeding in Arkansas, and we expect Mr. Mathis to appear as scheduled (and as you and I agreed earlier today in e-mails) for deposition tomorrow. Whatever issues the Los Angeles Piper attorneys have in the Morgate case has no bearing on the depositions that are to proceed in our case in Arkansas. Accordingly, Mr. Mathis' deposition will proceed tomorrow in this case. The statement in the e-mail below that we have a "plan" for deposing your client's witnesses in this case as well as the California case is entirely lost on me.

I have no idea what you mean about "the only defense that has been pled in this case . . ." We have not answered yet.

We will file an opposition to your protective order motion in due course. Until that motion has been granted and a protective order issued, we expect the witnesses to appear for deposition as scheduled.

I notice that first time in our discussions you have included Mr. Zucker from Piper Rudnick's Los Angeles office in your e-mail below. As I told you in our telephone conversation, I do not accord any of this gamesmanship to you.

the remainder of our written discovery will be served this evening.

Thanks. Matt


-----Original Message-----
**From:** Bill Allen [mailto:hwallen@allenlawfirmpc.com]
**Sent:** Tuesday, March 07, 2006 6:00 PM
**To:** Matthew Murphey
**Cc:** Kevin Lemley; Kelly, Alice A.; john.verhey@dlapiper.com; Zucker, Gregg D.
**Subject:** RE: Depositions

EXHIBIT D

Matt,

    Our LA co-counsel advises that you have your facts all wrong. MBE did not cancel this deposition, your office did. MBE wanted it to go forward. Your San Diego office knew you could of gone forward tomorrow with Mr. Mathis and asked questions about the Arkansas case, but cancelled the deposition. As to your point as to relevancy, Rule 26(b)(1) provides for "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...". The only defense that has been pled in this case is whether the Arkansas federal court has jurisdiction. You do not have the right to use this case to depose witnesses for your California case, which is obviously your plan.
    We are not able to produce Mr. Higginson until Friday.
    We are preparing a motion for protective order to restrict the depositions to the issues in this case. We will seek a telephone hearing on the motion with the court tomorrow.
Bill

3/8/2006